IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ACISCLO FOSSAS MARXUACH<br><br>Plaintiff<br><br>v.<br><br>RETIREMENT BOARD OF THE GOVERNMENT OF PUERTO RICO AND THE JUDICIARY;<br><br>Defendant | CIVIL NO. 21-1513<br><br>RE: AGE DISCRIMINATION; VIOLATION OF DUE PROCESS;<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, the Plaintiff, through the undersigned counsel, and respectfully STATES, ALLEGES AND PRAYS:

**I. Nature of the Action**

1. This action is brought by Plaintiff Acisclo Fossas Marxuach (hereinafter "Fossas" or "Plaintiff") against his former employer, the Retirement Board of the Government of Puerto Rico and the Judiciary (hereinafter "the Retirement Board"), for age discrimination and illegal termination of employment in violation of due process.

2. Plaintiff has suffered and is suffering severe economic and emotional damages as a result of Defendant's actions, as alleged herein.

**II. Jurisdiction**

3. This Honorable Court has jurisdiction to entertain this action pursuant to the *Age Discrimination in Employment Act*, as amended, ("ADEA"), Plaintiff also invokes this Honorable

1

Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 167, and seek relief under Puerto Rico Law No. 100 of June 30, 1959 ("Law 100") and under Article 1536 of the Puerto Rico Civil Code.

4. All conditions precedent to jurisdiction under the applicable federal statute have been complied with.

5. Plaintiff filed a Charge of Age Discrimination before the Equal Employment Opportunity Commission ("EEOC") on February 14, 2020, and the Notice of Right to Sue was issued by the EEOC on July 29, 2021. **See Exhibits 1 and 2.**

6. This is the proper venue to bring this action, since the facts relating to the causes of action asserted herein occurred in this District.

### III. Parties

7. Plaintiff is a 59 year-old Puerto Rican male, attorney, married and resident of Puerto Rico.

8. Defendant, the Retirement Board, is an entity separate from the Government of Puerto Rico, created by Puerto Rico Law No. 106 of August 23, 2017 ("Law 106-2017"), with capacity to sue and be sued.

### IV. Factual Allegations

9. Plaintiff began to work in 1991 as a Legislative Advisor at the Puerto Rico Legislative Services Office, where he worked until 2002.

10. On January 31, 2003, Plaintiff was appointed as an Examining Officer at the former Board of Trustees of the Retirement Systems of the Employees of the Government of Puerto Rico and the Judiciary ("Board of Trustees"), now the Retirement Board.

11. The appointment was signed by the President of the former Board of Trustees, CPA Juan López Galarza.

2

12. Plaintiff's primary role as Examining Officer at the Retirement Board was to resolve the appeals that pensioners, participants, and citizens with interest presented to the Retirement Board challenging the decisions of the Administrator of the Retirement System.

13. The Retirement Board is the highest governing body of the Retirement System, and is responsible, among others, for reviewing the decisions of the Retirement System Administrator that are challenged by citizens adversely affected by them.

14. At the time of his appointment, the position of Examining Officer occupied by Plaintiff was classified as one of trust ("*de confianza*" in Spanish).

15. On May 23, 2016, the Retirement Board, via referendum, approved the "*Regulation for the Administration of Human Resources in the Trust Service*" (hereinafter "the *Regulation*").

16. The *Regulation* is aimed at the internal administration of the Retirement Board, specifically, as it relates to trust employees ("*empleados de confianza*" in Spanish).

17. Section 10.04 of the *Regulation* establishes the process for termination or removal of trust employees. To that end, it provides as follows:

Section 10.04-Separation of Service

1. **The President** may freely remove trust employees from their positions without the filing of charges. The President's decision shall be notified in writing to the employee, but it shall not be necessary to indicate the grounds for such action.

2. **The President may only terminate a trust employee for just cause, after providing written notice of the charges and warning of his/her right to request a formal preliminary hearing, where he/she shall have the opportunity to be heard.** (Emphasis added; translation ours).

18. On May 31, 2019, after working for sixteen (16) years at the Retirement Board as an Examining Officer, **Ms. Irma Y. Suárez, Director of Human Resources and Labor Relations of the Administration of the Retirement System**, not the President of the Retirement

3

Board as required by the *Regulation*, notified Plaintiff in writing of his termination of employment, effective that same day. In said written notification, reference was made to a Certification signed by Mrs. Margarita Cintron Solla, Secretary of the Retirement Board.

19. The Certification signed by the Secretary of the Retirement Board, Margarita Control Solla, states as follows:

> WHEREAS, at a meeting held on May 30, 2019, a report on the status of the Adjudicative Affairs Area of the Retirement Board Office was presented to the members of the Retirement Board, and several situations related to said area's trust personnel were discussed, **including the performance of the Examining Officers**.
>
> THEREFORE, after evaluating the issues brought before the consideration of the Retirement Board in full, the Retirement Board of the Government of Puerto Rico withdraws its trust in the Examining Officers Carina Medina Morales, Solanya Vargas Gonzalez and Acisclo Fossas Marxuach.

20. This certification clearly states that the alleged withdrawal of trust was due to the Examining Officers' performance, that being the alleged just cause for termination.

21. In the Retirement Board's position letter filed before the Equal Employment Opportunity Commission ("EEOC"), the Retirement Board stated that "*Fossas' dismissal was **due to the fact that the appointing authority was dissatisfied with his performance regarding the execution of his work**. This power is at the sole discretion of the Board. The Charging Party's job as Examining Officer is one of extreme trust that affects the creation and implementation of the Board's public policy.*"

22. During the period in which Plaintiff occupied the position of Examining Officer at the Retirement Board, he was evaluated only once by his supervisor Ms. Maritza Incle. In said evaluation, Plaintiff obtained a result of 108 points, which is considered an outstanding score. Also, according to his employee file, Plaintiff was an excellent all-around employee.

4

23. Both the Certification and the Retirement Board's position letter filed before the EEOC establishes that Plaintiff's performance was the alleged "just cause" for his termination.

24. Because Plaintiff's termination was allegedly based on his performance, Plaintiff had a right to a hearing before his termination, pursuant to the *Regulation*. Said right was violated by the Retirement Board.

25. Plaintiff was the oldest Examining Officer at the Retirement Board. At the time of his termination, Plaintiff was 56 years old.

26. After Plaintiff's termination, the Retirement Board hired Examining Officers that are substantially younger than Plaintiff.

27. There were two other Examining Officers that were terminated the same day that Plaintiff was terminated, also for alleged performance issues. These other two Examining Officers, however, incurred in protected conduct under the Puerto Rico Anti-Retaliation statute, P.R. Law No. 115-1991 prior to their terminations, and their terminations were in retaliation for engaging in protected conduct. Currently, they have a judicial action against the Retirement Board in local court.

28. Plaintiff, however, did not incur in any protected conduct under any anti-retaliation statute. Plaintiff, instead, was discriminatorily and illegally terminated, in violation of the Retirement Board's own *Regulation*, because of his age.

29. Plaintiff's alleged performance issue is an inconsistent and incoherent pretext to discriminate against him because of his age, as his performance was always excellent and he had never been admonished regarding anything.

30. Prior to his termination, Plaintiff was moved from an office to a cubicle, without privacy nor space, thus affecting his work environment and productivity. Also prior to his

termination, Plaintiff began to experience a pattern of extreme vigilance and unjustified intervention with his duties from the Retirement System Administrator, Luis M. Collazo Rodríguez and/or his staff. This, even though the decisions that Plaintiff, as Examining Officer, had to review were the ones issued by the Retirement System Administration, thus creating a conflict of interest and a hostile work environment.

31. Also, for at least one year before Plaintiff's termination, the Retirement Board began to encourage and emphasize on the use of computer programs to carry-out the Examining Officer's duties in a quicker fashion. Because of Plaintiff's age, this practice, custom or policy affected Plaintiff, and older employees, more than other younger Retirement Board's employees or Examining Officers because Plaintiff and older people are not so good using computer programs.

32. Likewise, the Retirement System Administrator, improperly directed the Retirement Board's Examining Officers, including Plaintiff, to issue shorter decisions, and to summarize the evidence, instead of discussing the same in detail. These were improper instructions since the Retirement System Administration is the respondent party in the appeals that are decided by the Examining Officers. Therefore, there is a clear conflict of interest in the Retirement System Administrator intervening and giving instructions to the Retirement Board's Examining Officers. These instructions also affected older Examining Officers, such as Plaintiff, known to issue longer and more detailed decisions.

33. The ADEA prohibits intentional discrimination against older workers (known as "disparate treatment"). However, the ADEA also prohibits practices that, although facially neutral with regard to age, have the effect of harming older workers more than younger workers (known

as "disparate impact"). In this case, Plaintiff is asserting both disparate treatment and disparate impact claims against the Retirement Board.

34.   In <u>Board of Regents vs. Roth</u>, 408 U.S. 564, (1972), the United States Supreme Court state that the liberty guaranteed by the Fourteenth Amendment of the U.S. Constitution included "not merely freedom from bodily restraint, **but also the right of the individual to contract, to engage in any of the common occupations of life**, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized (...) as essential to the orderly pursuit of happiness by free men. In a Constitution for a free people, there can be no doubt that the meaning of 'liberty' must be broad indeed. **Where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him, notice and the opportunity heard is essential.**" <u>Id.</u> at 571.

35.   The Constitutions of the United States and Puerto Rico guarantees a person's right to his/her good name, reputation, honor and integrity.

36.   Plaintiff is an individual who has safeguarded and has always cared about his professional reputation, integrity and honor. For almost three decades, Plaintiff has been an excellent public servant with an unblemished record and reputation.

37.   Plaintiff's discriminatory and illegal termination, allegedly based on performance issues, without providing Plaintiff the opportunity to be heard, as per Defendant's own regulations, and without providing Plaintiff any type of due process, constitutes an abusive and unfounded attack to Plaintiff's honor, integrity and reputation, which is protected under the Constitutions of Puerto Rico and the United States.

39.     Plaintiff's discriminatory and illegal termination, because of his age and without due process, caused, and is causing, him severe economic damages, which are estimated in excess of $1,000,000.00. These damages include, but are not limited to, loss of salary and benefits.

40.     Plaintiff's discriminatory and illegal termination, because of his age and without due process, caused, and is causing, him severe emotional damages, which are estimated in no less than $500,000.00. These damages include, but are not limited to, severe depression, uncertainty about the future, anger, shame, sadness, insomnia, damages to his reputation, and loss of quality of life.

## V. Causes of Action

**A.     First Cause of Action - Age Discrimination under ADEA**

41.     Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

42.     The ADEA provides that "[i]t shall be unlawful for an employer to . . . discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623(a)(1). (Disparate treatment).

43.     The ADEA also provides that "[i]t shall be unlawful for an employer to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. Sec. 623(a)(2). (Disparate impact).

44.     The facts alleged herein constitute a willful and malicious violation by the Retirement Board to Plaintiff's rights under the ADEA's anti-discrimination provisions, both disparate treatment and disparate impact.

45. As a result of the Retirement Board's discriminatory termination of Plaintiff's employment, Plaintiff has suffered, and will continue to suffer, economic damages estimated in no less than $1,000,000.00, including but not limited to loss of salary and benefits.

**B.   Second Cause of Action – Age Discrimination under PR Law 100**

46. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

47. PR Law 100 provides, in pertinent part, that "[a]ny employer who . . . discriminates against an employee with regards to his salary, wage, pay or remuneration, terms, rank, conditions or job privileges, or who fails or refuses to hire or rehire a person, or who limits or classifies his employees in any way which deprives a person of employment opportunities or affects his employee status on the grounds of age, as defined below, . . . or national origin . . . [s]hall incur in civil liability [f]or a sum equal to twice the amount of damages sustained by the employee . . . on account of such action[.]" 29 L.P.R.A. 146(a)(1).

48. The facts alleged herein constitute age discrimination under PR Law 100.

49. As a result of the Retirement Board's discriminatory termination of Plaintiff's employment, Plaintiff has suffered, and will continue to suffer, economic damages in excess of $1,000,000.00, and emotional damages estimated in no less than $500,000.00.

**C.   Third Cause of Action – Illegal Termination in Violation of Due Process**

50. Plaintiff re-alleges all previous paragraphs as if fully alleged herein.

51. As alleged above, the Retirement Board's *Regulation* establishes the process for termination or removal of trust employees. Specifically, Section 10.04 establishes that "[t]he President may only terminate a trust employee for just cause, after providing written notice of the charges and warning of his/her right to request a formal preliminary hearing, where he/she shall have the opportunity to be heard."

52. In this case, Plaintiff was terminated from his employment, a trust position, not by the President of the Retirement Board, but by the Director of Human Resources and Labor Relations, alleging performance issues, but without providing him written notice of the charges, nor warning of his right to request a formal preliminary hearing, in violation of the Retirement Board's own *Regulation*.

53. Plaintiff's illegal termination, in violation of due process, has caused, and is still causing him, severe economic damages which are estimated in no less than $1,000,000.00.

54. Plaintiff's illegal termination, in violation of due process, has caused him, and is still causing him, severe emotional damages, which are estimated no less than $500,000.00.

## VI. Relief

**WHEREFORE**, Plaintiff prays to this Honorable Court to:

1. Grant this Complaint in its entirety;

2. Order Defendant to make Plaintiff whole by granting compensation for his loss of income, back pay, front pay and loss of benefits in an amount not less than $1,000,000.00;

3. Award Plaintiff compensation for his emotional damages in the amount of no less than $500,000.00;

4. Award Plaintiff compensatory damages in the amount of $1,000,000.00;

5. Order Plaintiff's reinstatement in his employment;

6. Award Plaintiff punitive damages and double damages;

7. Award Plaintiff the costs of this action, together with reasonable attorney's fees.

8. Award Plaintiff prejudgment interest.

9. Grant Plaintiff such other relief as this Honorable Court deems appropriate and just.

A jury trial is requested.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on October 21, 2021.

                                                      **s/ Andrés C. Gorbea Del Valle**
Andrés C. Gorbea Del Valle
*Plaintiff's counsel*
USDC-PR Bar No. 226313
PO Box 195191, San Juan, PR00919
(787) 217-2234
andres_gorbea@yahoo.com